UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN M. PERRY<br>45913 Novosel Court<br>California, Maryland  20619 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| HARLEY-DAVIDSON MOTOR<br>COMPANY GROUP, LLC<br>3700 West Juneau Avenue<br>Milwaukee, Wisconsin  53208 | :<br><br>: | |
| | : | |
| Serve on Resident Agent: | : | |
| Corporation Trust, Inc.<br>300 E. Lombard Street<br>Baltimore, Maryland 21202 | : | |
| | : | |
| and | : | |
| | : | |
| HARLEY-DAVIDSON MOTOR<br>GROUP, INC.<br>3700 West Juneau Avenue<br>Milwaukee, Wisconsin  53208 | : | |
| | : | |
| Serve on Resident Agent: | : | |
| Corporation Trust, Inc.<br>300 E. Lombard Street<br>Baltimore, Maryland 21202 | : | |
| | : | |
| Defendants | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>COMPLAINT</u>

COMES NOW, the Plaintiff, Kevin M. Perry, by counsel Scott A. Bowling and

Chapman & Bowling, LLC, to file this Complaint and says:

1

Introductory Facts

1.      The Plaintiff is a resident of California, St. Mary's County, Maryland for all times relevant hereto.

2.      That by information and belief, the Defendant, Harley-Davidson Motor Company Group, LLC is a corporation with its principal place of business and headquarters in Milwaukee, Wisconsin for all times relevant hereto.  That by information and belief, the Defendant is believed to be conducting business in Charles County, Maryland and has minimum contacts with the State of Maryland.

3.      That by information and belief, the Defendant, Harley-Davidson Motor Group, Inc. is a corporation with its principal place of business in Milwaukee, Wisconsin for all times relevant hereto.  That by information and belief, the Defendant is believed to be conducting business in Charles County, Maryland and has minimum contacts with the State of Maryland.

4.      That this matter presents parties that have diverse citizenship and the amount in controversy exceeds the sum of $75,000.00.

5.      That this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332.

6.      That this Court has proper venue as this cause of action occurred in the State of Maryland.

## Count One

7.      That the Plaintiff incorporates the facts and allegations contained in the previous paragraphs as if fully set forth herein.

2

8.      That on May 22, 2009, the Plaintiff was an employee with a repair shop known as Buell's Cycle Dynamics located in Waldorf, Charles County, Maryland.  The Plaintiff was a motorcycle mechanic.

9.      That on or prior to the subject date, a customer brought a 2003 Harley-Davidson Road King motorcycle to the Plaintiff's place of employment for service and repair.

10.     After the requested maintenance was performed on the customer's motorcycle, the Plaintiff performed an ordinary and customary test drive of the motorcycle after completing the requested maintenance.

11.     That during the course of the test drive, an oil line ruptured which was part of an oil cooler kit, causing oil to leak under the rear tire of the motorcycle.  This loss of traction caused the Plaintiff to lose control of the motorcycle and thus creating a violent collision.

12.     That by information and belief, the cooler kit which was installed on the 2003 Harley-Davidson Road King had a repair part number "HD Part Number 26082-05" and likely belonged to a series of parts identified by a part number "26082-05."

13.     That the Plaintiff retained the lines which were attached to the cooler kit which had abbreviated letters of "MXRI."

14.     That by information and belief, the subject parts which were in place on the 2003 Harley-Davidson Road King were installed and/or sold by the Defendant when the 2003 Harley-Davidson Road King was purchased by its owner.

15.     That when the Defendant, Harley-Davidson Motor Company Group, LLC, built and sold the subject motorcycle, there was an implied warranty or a promise that the products are fit for the ordinary purpose for which such products are used.

16.     That at the time that the subject 2003 Harley-Davidson Road King was sold, the Defendant had reason to know that the oil line and related machinery were going to be used for a particular purpose for which the products were required and that the buyer was relying on the seller's skill or judgment to select or furnish suitable products and thus creating an implied warranty that the product was fit for such purposes.

17.     That the Defendant had a duty to use reasonable care in the design, manufacturing, testing and inspection of the subject motorcycle, the oil lines and related machinery to see that the product was safe for any reasonable and foreseeable use.

18.     That by information and belief, the Defendant breached the implied warranty of fitness for a particular purpose to the extent that the oil lines and related machinery installed on the subject motorcycle were not suitable and thus failed during the course of a foreseeable use.

19.     That as a direct and proximate result of the Defendant's breach of the implied warranty of fitness for a particular purpose, the loss of control and subsequent crash of the motorcycle during the Plaintiff's test drive occurred on May 22, 2009.

20.     That as a direct and proximate result of the Defendant's negligence and failure to use reasonable care in the design, manufacturing, testing and inspection of the subject motorcycle and the aforementioned machinery to see that the product was safe for

any reasonable, foreseeable use was the proximate cause of the loss of control and collision that occurred on May 22, 2009.

21.     That as a direct and proximate result of the Defendant's breach of the implied warranty for a particular purpose and negligence, the Plaintiff sustained injuries to his spine, back, limbs and head.

22.     That the Plaintiff's injuries caused him to experience, incur and sustain:

A.     medical treatment;

B.     medical expense;

C.     lost wages;

D.     non-economic damages to include pain, suffering and inconvenience;

E.     physical impairment and permanent impairment;

F.     future lost wages; and

G.     future medical expense.

23.     That this amount in controversy exceeds $75,000.00.

24.     That all of the losses described herein were caused solely by the acts, failures, omissions and breaches of the Defendant as if fully set forth herein.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Harley-Davidson Motor Company Group, LLC, in the amount of One Million and no/100ths Dollars ($1,000,000.00) plus costs.

## Count Two

25.     That the Plaintiff incorporates the facts and allegations contained in the previous paragraphs as if fully set forth herein.

26.     That on May 22, 2009, the Plaintiff was an employee with a repair shop known as Buell's Cycle Dynamics located in Waldorf, Charles County, Maryland.  The Plaintiff was a motorcycle mechanic.

27.     That on or prior to the subject date, a customer brought a 2003 Harley-Davidson Road King motorcycle to the Plaintiff's place of employment for service and repair.

28.     After the requested maintenance was performed on the customer's motorcycle, the Plaintiff performed an ordinary and customary test drive of the motorcycle after completing the requested maintenance.

29.     That during the course of the test drive, an oil line ruptured which was part of an oil cooler kit, causing oil to leak under the rear tire of the motorcycle.  This loss of traction caused the Plaintiff to lose control of the motorcycle and thus creating a violent collision.

30.     That by information and belief, the cooler kit which was installed on the 2003 Harley-Davidson Road King had a repair part number "HD Part Number 26082-05" and likely belonged to a series of parts identified by a part number "26082-05."

31.     That the Plaintiff retained the lines which were attached to the cooler kit which had abbreviated letters of "MXRI."

32.     That by information and belief, the subject parts which were in place on the 2003 Harley-Davidson Road King were installed and/or sold by the Defendant when the 2003 Harley-Davidson Road King was purchased by its owner.

33.     That when the Defendant, Harley-Davidson Motor Group, Inc., built and sold the subject motorcycle, there was an implied warranty or a promise that the products are fit for the ordinary purpose for which such products are used.

34.     That at the time that the subject 2003 Harley-Davidson Road King was sold, the Defendant had reason to know that the oil line and related machinery were going to be used for a particular purpose for which the products were required and that the buyer was relying on the seller's skill or judgment to select or furnish suitable products and thus creating an implied warranty that the product was fit for such purposes.

35.     That the Defendant had a duty to use reasonable care in the design, manufacturing, testing and inspection of the subject motorcycle, the oil lines and related machinery to see that the product was safe for any reasonable and foreseeable use.

36.     That by information and belief, the Defendant breached the implied warranty of fitness for a particular purpose to the extent that the oil lines and related machinery installed on the subject motorcycle were not suitable and thus failed during the course of a foreseeable use.

37.     That as a direct and proximate result of the Defendant's negligence and breach of the implied warranty of fitness for a particular purpose, the loss of control and subsequent crash of the motorcycle during the Plaintiff's test drive occurred on May 22, 2009.

38.    That as a direct and proximate result of the Defendant's failure to use reasonable care in the design, manufacturing, testing and inspection of the subject motorcycle and the aforementioned machinery to see that the product was safe for any reasonable, foreseeable use was the proximate cause of the loss of control and collision that occurred on May 22, 2009.

39.    That as a direct and proximate result of the Defendant's breach of the implied warranty for a particular purpose and negligence, the Plaintiff sustained injuries to his spine, back, limbs and head.

40.    That the Plaintiff's injuries caused him to experience, incur and sustain:

    A.    medical treatment;

    B.    medical expense;

    C.    lost wages;

    D.    non-economic damages to include pain, suffering and inconvenience;

    E.    physical impairment and permanent impairment;

    F.    future lost wages; and

    G.    future medical expense.

41.    That this amount in controversy exceeds $75,000.00.

42.    That all of the losses described herein were caused solely by the acts, failures, omissions and breaches of the Defendant as if fully set forth herein.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Harley-Davidson Motor Group, Inc., in the amount of One Million and no/100ths Dollars ($1,000,000.00) plus costs.

Respectfully submitted,

By: _____
Scott A. Bowling, Bar ID #10723
Attorney for Plaintiff
Chapman & Bowling, LLC
P.O. Box 610
La Plata, MD  20646
(301)934-9969

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues presented herein.

_____
Scott A. Bowling